UNITED STATES DISTRICT COURT                                           C/M
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------- X
                                                           :
ERIC WILLIAM DAVIS,                                        :
                                                           :     **MEMORANDUM DECISION AND**
                                    Plaintiff,             :     **ORDER**
                                                           :
             - against -                                   :     17-cv-6290 (BMC)
                                                           :
ZORIA HOUSING LLC and AMERGIT,                             :
                                                           :
                                    Defendants.            :
                                                           :
----------------------------------------------------------- X

**COGAN**, District Judge.

Plaintiff Eric William Davis, proceeding *pro se*, brings this employment discrimination action against his former employer. He filed this case in the U.S. District Court for the Southern District of New York on October 5, 2017, and the case was transferred to this Court on October 27, 2017. His motion to proceed *in forma pauperis* is granted for the purpose of this Order. The Court directs plaintiff to re-plead his claims, as described further below, within 20 days of the date this Order is entered.

### BACKGROUND

Plaintiff commenced this action by filing an employment discrimination action form complaint and checking the boxes to initiate an action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 1981, the Rehabilitation Act of 1973, New York State Human Rights Law, and New York City Human Rights Law. Plaintiff stated that his race is "African American Moor" and that his disability or perceived disability is "lack of training." He checked the boxes indicating that defendants terminated his employment and provided him with terms and conditions of employment different from those of similar employees. In the space provided,

plaintiff described the facts of his case as: "I was sent to a job by my Union Representative in May 2017. I was laid off after 3 days of work with NO VALID EXCUSE." That description does not include anything about how plaintiff's termination or the terms and conditions of his employment were based on his race, color, sex, religion, national origin, or actual or perceived disability.

## DISCUSSION

A complaint filed *in forma pauperis* will be dismissed "at any time" if the court determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). In evaluating whether a pleading states a claim for relief, a court must accept all of the facts alleged in the complaint as true, but need not accept the legal conclusions stated in it. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). "Factual allegations must be enough to raise a right to relief above the speculative level," and to nudge a plaintiff's claims "across the line from conceivable to plausible." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 570 (2007).

*Pro se* complaints, like other pleadings, must allege enough facts to meet the plausibility standard. See Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009). However, courts read *pro se* pleadings "liberally," holding them to less stringent standards than pleadings drafted by lawyers. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)). A court must read a *pro se* complaint to raise the strongest claims it suggests. See Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474-75 (2d Cir. 2006). Where a liberal reading of the pleading "gives any indication that a valid claim might be stated," the court must

grant leave to amend it at least once. See Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000) (citation and internal quotation marks omitted).

To plead a claim under Title VII or New York State Human Rights Law ("NYSHRL"), a plaintiff must state facts to show that his employer discriminated against him because of his race, color, religion, sex, or national origin. 42 U.S.C. § 2000e-2(a)(1); Vega v. Hempstead Union Free Sch. Dist., 801 F.3d 72, 85 (2d Cir. 2015). An employer discriminates against an employee by taking an adverse employment action against him, such as terminating his employment or materially reducing the employee's benefits. Vega, 801 F.3d at 85. "An action is 'because of' a plaintiff's race, color, religion, sex, or national origin where it was a 'substantial' or 'motivating' factor contributing to the employer's decision to take the action." Id.

For a claim under New York City Human Rights Law ("NYCHRL"), a plaintiff must allege facts to show that his employer discriminated against him, and that the plaintiff's race, color, religion, sex, or national origin played at least a partial motivating role in the employer's decision to discriminate. Holleman v. Art Crating, Inc., No. 12 Civ. 2719, 2014 WL 4907732, at * 44 (E.D.N.Y. Sept. 30, 2014).

To state a claim under 42 U.S.C. § 1981, a plaintiff must plead facts to show that: (1) he is a member of a racial minority; (2) the defendant intentionally discriminated against him on the basis of race; and (3) the discrimination concerned one of the activities enumerated in the statute, such as the right to enforce a contract. Robledo v. Bond No. 9, 965 F. Supp. 2d 470, 475 (S.D.N.Y. 2013). Termination of an employee's employment contract based on intentional racial discrimination satisfies the third element. See Lauture v. Int'l Bus. Machines Corp., 216 F.3d 258, 263 (2d Cir. 2000).

Plaintiff's complaint fails to state a claim under any of these civil rights statutes. Plaintiff alleges that he is a member of a racial minority. He also alleges that he was "laid off after 3 days of work with no valid excuse" and provided with unspecified terms and conditions of employment that were different from those of similar employees, but he has not offered any factual allegations showing that either of these alleged harms happened because of his race. Because plaintiff has not adequately alleged that he suffered discrimination because of – or even in part because of – his race, the claims under Title VII, 42 U.S.C. § 1981, NYSHRL, and NYCHRL fail to state a claim for relief and must be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

The complaint also alleges violations of the Rehabilitation Act, asserting that plaintiff suffers from the "disability" of "lack of training." To plead a case under the Rehabilitation Act, a plaintiff must show that: (1) he is handicapped or disabled under the Act; (2) he is otherwise qualified to perform his job; (3) he suffered an adverse employment action solely due to his disability; and (4) his employer receives federal financial assistance. Harrison v. SUNY Downstate Med. Ctr., No. 16-CV-1101, 2017 WL 4326507, at *4 (E.D.N.Y. Sept. 25, 2017). The Rehabilitation Act defines "disability" as "a physical or mental impairment that substantially limits one or more major life activities," "a record of such an impairment," or "being regarded as having such an impairment." 29 U.S.C. § 705(20)(B), referencing 42 U.S.C. § 12102. The NYCHRL has a broader definition of "disability," but a plaintiff bringing a disability-based claim under NYCHRL must still plead an actual or perceived disability. Harrison, 2017 WL 4326507, at *4.

In this case, plaintiff has not alleged that his short-lived employment was with an employer who received federal financial assistance, nor that he has a disability as defined by the

Act. In fact, his assertion that he suffered from "lack of training" suggests that he was not qualified to perform the job. Because plaintiff has not adequately alleged discrimination under the Rehabilitation Act, this claim is also dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B).

In light of plaintiff's *pro se* status, the Court grants plaintiff leave to file an amended complaint. To state a claim for employment discrimination pursuant to Title VII, § 1981, NYSHRL, NYCHRL, and the Rehabilitation Act, plaintiff must present facts supporting his claim that he was terminated because of his race or a qualified disability. To state a claim under the Rehabilitation Act, he must also allege that his employer was a qualified program receiving federal financial assistance.

## CONCLUSION

For the reasons set forth above, the complaint is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim. Plaintiff is granted leave to file an amended complaint within 20 days from the date of this Order. The new complaint should be captioned as an "Amended Complaint," and use the same docket number as this Order. Any amended complaint completely replaces the original complaint. No summons shall issue at this time, and all further proceedings shall be stayed for 20 days. If plaintiff again fails to plead sufficient facts in his amended complaint, or if he fails to file an amended complaint within 20 days, he will not have another opportunity to re-plead, and the Court will enter judgment. The Court certifies

pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

**SO ORDERED.**

                                                U.S.D.J.

Dated: Brooklyn, New York
        October 31, 2017